UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS D. HEMPHILL, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 0157 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Harry Leinenweber |
| SHERIFF TOM DART, OFC. KERN # 4565, | ) | |
| OFFICER LOMBARDI, #8118, | ) | Magistrate Judge Brown |
| OFC. NICKLE # 6501, OFC. KOUCH, #7975, | ) | |
| OFC. SKINNER, | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
AGREED MOTION TO STAY PROCEEDINGS**

NOW COMES the Office of the State's Attorney of Cook County, by RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant Ronald Weidhuner pursuant to the Federal Rules of Civil Procedure, submits this Memorandum of Law in support of its motion to stay all action in this case, including filing of responsive pleadings and discovery, until completion of the underlying criminal action.

**I. INTRODUCTION**

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 seeking damages for an alleged altercation occurring on June 1, 2007, between Plaintiff and defendant Correctional Officers, while Plaintiff was an inmate in the CCDOC. There is currently pending a state criminal action based on the same alleged incident, Case No. 07 CR 13034, where plaintiff is charged with aggravated battery to correctional officers.

The State's Attorney's Office brings this motion pursuant to the doctrine of abstention which requires this Court to stay the proceedings pending the resolution of a state court criminal proceeding involving the same incident which the plaintiff complains of here. Attached is a

Circuit Court of Cook County certified electronic record showing criminal case No. 07 CR 13034 filed against Plaintiff. See Exhibit 1. The proceedings are currently pending in the Circuit Court of Cook County. Id. There is a pending pretrial status date of May 15, 2008. Id.

## DISCUSSION

The fundamental policy against federal interference with state criminal prosecutions was set forth in Younger v. Harris, 401 U.S. 37, 46 (1971); see also Crump v. Lane, 807 F.2d 1394, 1400 (7th Cir. 1986). In the case of Simpson v. Rowan, 73 F.3d 134 (7th Cir. 1995), the Seventh Circuit was faced with the question of whether the Younger abstention doctrine should apply to a situation where the plaintiff, who was convicted of his crimes and had an appeal pending before the Illinois Supreme Court, was seeking damages for an alleged Fourth Amendment violation based on a warrantless search and arrest. The Simpson court discussed the Supreme Court's concern with principles of equity and comity, stating "the potential for federal-state friction is obvious." Id. at 137-38. The court ultimately reasoned that the Younger abstention doctrine applied and that the district court should have stayed the Fourth Amendment claims for monetary damages until the conclusion of the state criminal proceedings and any collateral review proceedings.

Under the abstention doctrine, federal courts should not entertain a claim for damages, injunctive, or declaratory relief, if disposition of the civil action would involve ruling on issues which could be raised in the state criminal proceeding. Simpson, at 137, citing Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764 (1971); see also Younger v. Harris, 401 U.S. 37 (1971); Hudson v. Chicago Police Dept., 860 F.Supp. 521, 523 (N.D. Ill. 1994). Considerations involving comity, federalism, and the avoidance of friction between the federal and state courts underlie the principles of Younger and are directly applicable here.

In the present case, Plaintiff advances what could be construed as an excessive force claim against defendant Correctional Officers. Plaintiff is charged in Cook County criminal court with Aggravated Battery to a Correctional Officer. As a result of the same incident for which Plaintiff brings this action. See Exhibit 1. Plaintiff's criminal proceedings, involve questions of whether the Illinois Criminal Code was violated. More importantly, the state criminal proceedings will involve the ultimate question as to what happened on the day in question and whether either of the parties were entitled to, or did, use force. The policy against federal interference with pending state court proceedings would clearly be frustrated if the plaintiffs' claim were allowed to proceed. For instance, the facts and issues pending in state court may have a preclusive effect with respect to the Plaintiff's civil rights claim. Moreover, equitable considerations involving the discovery process may be thwarted by the invocation of the Fifth Amendment privilege against self-incrimination by the Plaintiff and other potential witnesses to the incident. Further, the State's interest in the protection of its citizens is at issue as is the lack of any allegation by Plaintiff that the state court is an inadequate forum in which to present his constitutional claims.

A three-prong test is to be used to determine whether abstention is appropriate in favor of a state proceeding. <u>Middlesex Co. Ethics Comm. v. Garden State Bar Assoc.</u>, 457 U.S. 423, 432 (1982). The inquiries are (1) whether the state proceedings are ongoing; (2) whether the state proceedings implicate important state interests; and, (3) whether the state proceedings provide and adequate opportunity to raise federal questions. <u>Arkebauer v. Kiley</u>, 985 F.2d 1351, 1357 (7th Cir. 1993). All of the prongs of this test are met in this case.

1. <u>Ongoing State Proceedings</u>

It is evident that the criminal proceedings are still pending before the Criminal Division

of the Circuit Court of Cook County and the case has a pretrial status date of May 15, 2008 (Exhibit 1). Accordingly, the first aspect of the Younger test has been satisfied.

### 2. Important State Interests

The state has a clear interest in the administration of its criminal justice system. The state's interest in criminal proceedings is founded upon the welfare and protection of its citizens. Certainly, the prosecution of individuals who commit criminal acts upon another, especially sworn Peace Officers, is an important state interest. Hence, the second factor of the Younger test is satisfied.

### 3. Opportunity to Raise Federal Claim

The Supreme Court has held that "abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." Moore v. Sims, 442 U.S. 415, 425-26 (1979). In addition, "when a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 95 L.Ed.2d 1, 15 (1987).

The complaint is devoid of any allegations that the plaintiff is unable to present his constitutional claims in state court. Therefore, it must be assumed that the state forum will be an adequate protector of the Plaintiffs' constitutional rights in the absence of specific facts to the contrary. See Jacobson v. Village of Northbrook Mun. Corp., 824 F.2d 567, 569 (7th Cir. 1987). As such, the third and final aspect of the Younger test is satisfied.

Thus, under the doctrine of abstention, all proceedings and discovery should be stayed until the conclusion of the criminal case.

**WHEREFORE,** the Office of the State's Attorney of Cook County respectfully requests that this Court enter an agreed order staying all proceedings, including filing responsive pleadings and discovery, in this matter until such time as the underlying Aggravated Battery to a Correctional Officer, charges have been disposed of, and whatever relief that this court deems just.

        Respectfully submitted,

        RICHARD A. DEVINE
        State's Attorney of Cook County

By:    /s/ Ronald Weidhuner 6194834
        Ronald Weidhuner
        Assistant State's Attorney
        Torts/Civil Rights Litigation Section
        500 Richard J. Daley Center
        Chicago, Il 60602
        (312) 603-5527